UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALEXIS Z. POPE, Next of Kin and Administrator Ad Litem of Estate of FAWN ZANETTE BRANHAM, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:20-CV-138-TAV-SKL |
| BRADLEY COUNTY, TENNESSEE and QCHC OF TENNESSEE, INC.,[1] | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of Defendants' June 2, 2020 notice of removal of Plaintiff's state court complaint alleging Defendants' negligence resulted in the death of Fawn Zanette Branham while she was in the Bradley County Justice Center [Doc. 1-2]. Defendants allege that removal is proper under 28 U.S.C. § 1441 and that this Court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 [Doc. 1 p. 1–3]. Because, after examining the relevant filings herein, it does not appear that the Court has subject matter jurisdiction, the Court will **REMAND** this matter back to the Circuit Court of Bradley County, Tennessee.

This Court has "a continuing obligation to examine [its] subject matter jurisdiction throughout the pendency of every matter before [it]." *In re Wolverine Radio Co.*, 930 F.2d

---

[1] As Defendants set forth their proper names in their notice of removal [Doc. 1 p. 1], the Clerk will be **DIRECTED** to correct the names of these entities on the Court's docket.

1132, 1137 (6th Cir. 1991). Additionally, the removal statute permits removal of a state action to federal court only where the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *see also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (noting that "[a] defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction"). In general, a federal district court has original subject matter jurisdiction over two main types of actions. There is federal question jurisdiction, *see* 28 U.S.C. § 1331, which is not asserted by Defendants here, and diversity jurisdiction. *See* 28 U.S.C. § 1332. It is well established that the diversity jurisdiction provision, § 1332(a), requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)); *see also Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806).

Because, as the Court will discuss, Plaintiff and Defendant Bradley County, both appear to be citizens of the same state, that is, the state of Tennessee, the Court does not find that Defendants have carried their burden of establishing complete diversity.

In their notice, Defendants state the following in support of removal: (1) this case arises out of an incident that occurred in Bradley County, Tennessee; (2) Defendant QCHC of Tennessee, Inc. ("QCHC") is a citizen of Alabama; (3) all Defendants have consented to removal; and (4) counsel for Plaintiff does not oppose removal [Doc. 1 p. 1–3; Doc. 1-1; Doc. 1-2]. They do not discuss Plaintiff's or Defendant Bradley County's citizenship.

The Court agrees that QCHC's state of citizenship is Alabama, where QCHC, a corporation, is incorporated and maintains its principal place of business [Doc. 1 p. 2; Doc. 1-1; Doc. 3]. *See* 18 U.S.C. § 1332(c)(1). The Court also finds that, although it is not discussed the state court complaint or the notice of removal, Plaintiffs' state of citizenship appears to be the state of Tennessee [Docs. 1-2 p. 7, 3]. *See Deposit Guaranty Bank & Tr. Co. v. Burton*, 380 F.3d 346 (6th Cir. 1967). Although the apparent diversity between Plaintiff's and QCHC's states of citizenship suggests that at least *minimal* diversity exists, this is not the end of the inquiry, because, as the Court has noted, § 1332(a) requires *complete* diversity. *See Centimark Corp.*, 596 F.3d at 355. The issue thus becomes whether Plaintiff and Defendant Bradley County are diverse in state of citizenship too.

While "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction," *Moor v. Alameda County*, 411 U.S. 693, 717 (1973), "a political subdivision of a State" generally is considered a "citizen of the State for diversity purposes." *Id.* (recognizing an exception where a political subdivision is "simply 'the arm or alter ago of the State'"). As a political subdivision of the state of Tennessee, Defendant Bradley County is a citizen of Tennessee for diversity purposes. *See id* (concluding that Alameda County was a citizen of California for purposes of diversity jurisdiction; *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968) (noting that "the Supreme Court [has] held that for purposes of diversity jurisdiction a county is a citizen of the State in which it is located" and thus holding that the county's argument that it was not a "citizen" of Kentucky for purposes of diversity citizenship was without merit (citing *Cowles v. Mercer*

3

*Cty.*, 74 U.S. (7 Wall.) 118 (1868))); *Lopez v. Shelby Cty. Sheriff's Dep't*, No. 15-2568, 2016 WL 94144, at *5 (E.D. Tenn. Jan. 7, 2016) (concluding that Shelby County, Tennessee, was a citizen of Tennessee for purposes of diversity jurisdiction); *Meals v. City of Memphis*, No. 03-2077, 2008 WL 701583, at *4 (E.D. Tenn. Mar. 13, 2008) (concluding that the City of Memphis was a citizen of Tennessee for purposes of diversity jurisdiction). Thus, the state of citizenship of both Plaintiff and Defendant Bradley County appears to be Tennessee.

Because it appears these two parties are not "citizens of different States," § 1332(a)(1), the Court does not find that Defendants have carried their burden to establish the existence of complete diversity as is required for this Court have diversity jurisdiction. Rather, it appears the Court lacks subject matter jurisdiction, and "[i]n the absence of jurisdiction, the court's only function is to announce the lack of jurisdiction and dismiss or remand the case." *Village of Oakwood v. State Bank & Tr. Co*, 481 F.3d 364, 366–67 (6th Cir. 2007); *see also Anthony Marano Co. v. Sherman*, 925 F. Supp. 2d 864, 866 & n.1 (E.D. Mich. 2013) ("Since the beginning, a federal court has lack jurisdiction unless jurisdictional facts both exist and appear in the record." (citations omitted)).

Additionally, because the Court lacks original subject matter jurisdiction, removal is not proper under 28 U.S.C. § 1441(a). And further, the Court's findings with respect to Defendant Bradley County's state of citizenships reveals that removal is also not proper under § 1441(b)(2), which prohibits removal of "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . if any of the parties in interest properly joined

4

and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[2]

If a district court finds it lacks subject matter jurisdiction over a matter at any time, it shall remand the case, even if no party has filed a motion. 28 U.S.C. § 1447; *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539–40 (6th Cir. 2006). Because the Court finds that it lacks subject matter jurisdiction over this matter, it will be **REMANDED** to the Circuit Court of Bradley County, Tennessee. Defendants' motions to dismiss or stay the case [Docs. 6, 8] and Plaintiff's motion to consolidate [Doc. 10] will be **DENIED without prejudice**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] Nothing in the record suggests that either Defendant challenges its joinder in this action, or the sufficiency of the process served on it.

Also, while the Court takes judicial notice of the fact that the parties to this action are also currently litigating claims arising out of the same underlying incident that present a federal question under § 1983 in this Court, *Branham v. Bradley Cty., et al*, 1:19-CV-230-TAV-SKL (E.D. Tenn., filed Aug. 15, 2019), Defendants' notice of removal herein is based solely on diversity, and Plaintiff pleaded the claims in the underlying complaint that he filed with the Bradley County Circuit Court solely under state law [Doc. 1-2]. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (providing that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint").